■ In the Matter of OFER D. VAZANA, Appellant, v HAGIT VAZANA, Respondent. [819 NYS2d 477]—

In a proceeding pursuant to Family Court Act article 6 for modification of the custody provision of the parties' judgment of divorce, the father appeals from an order of the Family Court, Nassau County (Phillips, Ct. Atty. Ref.), dated December 12, 2005, which, after a hearing, dismissed his petition and vacated a temporary order of the same court dated August 30, 2005, awarding residential custody of the subject child to him.

Ordered that the order dated December 12, 2005, is modified, on the law, the facts, and in the exercise of discretion, by deleting the provision thereof dismissing the petition; as so modified, the order is affirmed, with costs to the appellant payable by the respondent, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for a new hearing on the petition; and it is further,

Ordered that pending the Family Court's determination of the petition on remittal, the father shall not remove the subject child from the State of New York; and it is further,

Ordered that, upon the consent of the father, the stay contained in the decision and order on motion of this Court dated January 11, 2006, is vacated forthwith.

On the date of the hearing on the father's petition for custody modification, the parties and counsel appeared before a referee. Prior to the hearing, the father's counsel was relieved by the referee on counsel's representation that the attorney-client relationship had deteriorated to such a point that counsel no longer was able to communicate with his client. The referee adjourned the hearing to that same afternoon. When the parties returned, the father appeared with new counsel who advised the court

that she had been consulted, but not retained, by the father less than two hours earlier. New counsel further advised the court that she had seen no documents or evidence; she applied for an adjournment, which was denied. She was given 10 minutes to confer with the father, during which time she was retained. The hearing on the petition then proceeded. At the conclusion of the hearing, the referee concluded that the petition did not set forth a change of circumstances justifying a review of the custody issue. In the order appealed from, the referee dismissed the father's petition and vacated the Family Court's earlier order awarding the father temporary residential custody.

We conclude, under the circumstances presented, that after granting prior counsel's application to withdraw, the referee's subsequent refusal to grant new counsel's application for an adjournment to allow her a reasonable opportunity to familiarize herself with this matter deprived the father of the effective assistance of counsel (*see* Family Ct Act §§ 261, 262; *cf. People v Droz*, 39 NY2d 457, 462 [1976] [right to effective representation includes right to assistance by attorney who has taken the time to review and prepare both the law and facts]). Accordingly, we remit the matter to the Family Court, Nassau County, for a new hearing on the petition. Miller, J.P., Adams, Goldstein and Covello, JJ., concur.