The Family Court Act provides that when a person who has the right to the assistance of counsel “first appears in court, the judge shall advise such person before proceeding that he or she has the right to be represented by counsel of his or her own choosing, of the right to have an adjournment to confer with counsel, and of the right to have counsel assigned by the court in any case where he or she is financially unable to obtain the same” (Family Ct Act § 262 [a]).
The Family Court Act enumerates “[e]ach of the persons [who] has the right to the assistance of counsel” (Family Ct Act § 262 [a]). One such person is “the parent of any child seeking custody ... in any proceeding before the court in which the court has jurisdiction to determine such custody” (Family Ct Act § 262 [a] [v]).
Here, the record does not demonstrate that the mother waived her right to counsel (see Family Ct Act § 262 [a]). Accordingly, since the Family Court did not ensure that the mother knowingly, intelligently, and voluntarily waived her right to counsel, we reverse the order dated December 13, 2011, reinstate the petition, and remit the matter to the Family Court, Nassau County, for further proceedings consistent herewith, and a new determination thereafter (see e.g. Matter of Stephen Daniel A. [Sandra M.], 87 AD3d at 736).
*884 The mother’s remaining contentions are without merit. Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.