In two related child custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited hy his brief, from so much of an order of the Family Court, Dutchess County (Watson, J.), dated February 22, 2013, as, after a trial, granted that branch of the mother’s petition which was, in effect, to award the father only supervised visitation with the subject child, limited to four hours on alternate Saturdays.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of the subject child, who was born September 14, 2009, and diagnosed, since the commencement of these proceedings, with autism. Both parties petitioned for custody. Prior to trial on the respective petitions, the father had supervised visitation with the child, which was increased on January 30, 2013, to eight hours. On February 7, 2013, a trial was scheduled to begin after approximately one year of adjournments. Before the trial commenced, the father’s attorney stated that the father wished to discharge him. The father requested that the Family Court assign him a new attorney, stating that for “medical reasons,” he could not continue to be represented by this attorney. When the court then noted that the matter was a year old and needed to get resolved “today,” the father again stated that he was requesting a new attorney for “medical reasons.” As the father refused to say anything more, the court proceeded with the trial.
Upon the conclusion of the mother’s case, in which she was the sole witness, the court dismissed the father’s petition and granted the mother’s petition for sole custody. Further, because of concerns raised by the father’s behavior in dismissing his attorney immediately before trial, and then refusing to participate in the trial, the court reduced his visitation, reverting to the previous visitation schedule of four hours on alternate weekends.
Contrary to the father’s contentions, he was not entitled to a 30-day stay of the proceedings, nor did the Family Court improvidently exercise its discretion in refusing to assign him a new attorney. “As a general rule, CPLR 321 (c) requires that there be a 30-day stay of all proceedings after counsel is permitted to withdraw over the client’s objection . . . Where, however, the attorney’s withdrawal is caused by a voluntary act of the *900 client, the court has the discretion to permit the matter to proceed without such a stay” (Sarlo-Pinzur v Pinzur, 59 AD3d 607, 608 [2009] [internal quotation marks and citations omitted; emphasis added]). Thus, a party is not entitled to a stay pursuant to CPLR 321 (c) “where a party voluntarily discharges his attorney” (Levine v City of New York, 111 AD2d 785, 788 [1985]; see Graco Constr. Corp. v Eves, 232 AD2d 370, 370-371 [1996]; cf. Albert v Albert, 309 AD2d 884 [2003]). Here, the father was not entitled to a stay since he voluntarily discharged his attorney (see Graco Constr. Corp. v Eves, 232 AD2d at 370-371).
The father’s contentions on appeal that his conduct was not voluntary, but was driven by a “medical reason,” are unsupported. The father’s attorney stated that there had been differences between him and his client as to how to proceed, and a breakdown in communication, which support the court’s conclusion that there was no valid “medical reason” for the father’s request to discharge his attorney.
Similarly without merit is the father’s contention that he was denied his constitutional right to counsel by the Family Court’s refusal to assign him new counsel. Where, as here, an indigent party has a constitutional right to assigned counsel (see Family Ct Act § 262 [a] [iii]), “this entitlement does not encompass the right to counsel of one’s own choosing” (People v Porto, 16 NY3d 93, 99 [2010]; see People v Sides, 75 NY2d 822, 824 [1990]; People v Sawyer, 57 NY2d 12, 18-19 [1982]). “While a court has a duty to investigate complaints concerning counsel, ‘this is far from suggesting that an indigent’s request that a court assign new counsel is to be granted casually’ ” (People v Porto, 16 NY3d at 99, quoting People v Sawyer, 57 NY2d at 19). An indigent person may be entitled to new assigned counsel only “upon [a] showing [of] good cause for a substitution” (People v Sides, 75 NY2d at 824 [internal quotation marks omitted]). “Good cause determinations are necessarily case-specific and therefore fall within the discretion of the trial court” (People v Linares, 2 NY3d 507, 510 [2004]; see People v Smith, 18 NY3d 588, 592 [2012]; People v Porto, 16 NY3d at 99-100; People v Medina, 44 NY2d 199, 207 [1978]).
Here, the Family Court properly determined that there was no good cause shown in view of the timing of the father’s request, the effect of such timing on the progress of the case, and the statements of the father’s counsel that there had been disagreements over trial strategy between client and counsel. “[G]ood cause does not exist . . . where, on the eve of trial, disagreements over trial strategy generate discord” (People v *901 Linares, 2 NY3d at 511; see People v Medina, 44 NY2d at 208). Further, based on the father’s refusal to provide more than the puzzling statement that he could not continue with present counsel “for medical reasons,” the Family Court “was not obligated to make [even] ‘minimal inquiry’ into the [father’s] request to substitute new counsel since his request was based on a conclusory statement and reflected only a delaying tactic” (see People v Woods, 110 AD3d 748 [2013]; People v Stevenson, 36 AD3d 634, 634-635 [2007]). Accordingly, the Family Court did not improvidently exercise its discretion in denying the father’s request for a substitution of counsel and an adjournment of proceedings on the day of trial.
The father’s contention that certain documents were improperly admitted into evidence is unpreserved for appellate review. In any event, the Family Court’s erroneous admission of the treating psychologist’s affidavit and the child’s school records into evidence was harmless and does not require reversal, because the father was not prejudiced thereby, and these documents played no part in the court’s determination regarding custody or visitation (see Matter of Delehia J. [Tameka J.], 93 AD3d 668, 670 [2012]).
The Family Court’s determination to temporarily revert to the previous visitation schedule of four hours on alternate Saturdays had a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; Matter of Singh v Singh, 112 AD3d 949 [2013]; Matter of Mohabir v Singh, 78 AD3d 1056 [2010]; Matter of Wispe v Leandry, 63 AD3d 853 [2009]).
Eng, EJ., Austin, Hinds-Radix and LaSalle, JJ., concur.