# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**723**

**CAF 13-02100, CAF 13-02102**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ALEXANDER S.
-------------------------------------------------
STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

DAVID S. AND ALECIA P., RESPONDENTS-APPELLANTS.

---

RAYMOND P. KOT, II, WILLIAMSVILLE, FOR RESPONDENT-APPELLANT DAVID S.

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT ALECIA P.

JESSICA M. PEASLEE, BATH, FOR PETITIONER-RESPONDENT.

CHRISTINE M. VALKENBURGH, ATTORNEY FOR THE CHILD, BATH.

---

Appeals from an order of the Family Court, Steuben County (Marianne Furfure, A.J.), entered November 22, 2013 in a proceeding pursuant to Social Services Law § 384-b.  The order, among other things, terminated respondents' parental rights with respect to the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Social Services Law § 384-b, respondent father and respondent mother appeal from an order that, inter alia, terminated their parental rights with respect to the subject child and ordered that the child be freed for adoption.  We reject the parents' contention that Family Court erred in finding that the child is a permanently neglected child and in terminating the parents' parental rights with respect to him.  Petitioner met its burden of establishing "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the [parents] and [the child] by providing 'services and other assistance aimed at ameliorating or resolving the problems preventing [the child's] return to [the parents'] care' . . . , and that the [parents] failed substantially and continuously to plan for the future of the child although physically and financially able to do so . . . Although the [parents] participated in . . . services offered by petitioner, [they] did not successfully address or gain insight into the problems that led to the removal of the child and continued to prevent the child's safe return" (*Matter of Giovanni K.*, 62 AD3d 1242, 1243, *lv denied* 12 NY3d 715; *see* § 384-b [7] [a]).  Contrary to the

parents' further contentions, we conclude that the court properly denied their respective requests for a suspended judgment (*see Matter of Lillianna G. [Orena G.]*, 104 AD3d 1224, 1225; *Matter of Dahmani M. [Jana M.]*, 104 AD3d 1245, 1246). We also conclude that the court properly denied the mother's request for assignment of new counsel inasmuch as her request was vague, unsubstantiated, and did not demonstrate good cause warranting a substitution of counsel (*see Matter of Wiley v Musabyemariya*, 118 AD3d 898, 900-901, *lv denied* 24 NY3d 907*; see also People v Porto*, 16 NY3d 93, 101-102; *People v MacLean*, 48 AD3d 1215, 1217, *lv denied* 10 NY3d 866, *reconsideration denied* 11 NY3d 790). Finally, we have reviewed the father's remaining contention and conclude that it lacks merit.

Frances E. Cafarell

Entered: July 2, 2015

Clerk of the Court