■ In the Matter of ANITA TARNAI, Appellant, v DAVID GORDON BUCHBINDER, Respondent. (Proceeding No. 1.) In the Matter of DAVID GORDON BUCHBINDER, Respondent, v ANITA TARNAI, Appellant. (Proceeding No. 2.) [18 NYS3d 143]—

Appeal from an order of the Family Court, Kings County (Michael L. Katz, J.), dated July 29, 2014. The order, after a hearing, among other things, denied the mother's petition for sole legal and physical custody of the subject child and granted so much of the father's petition as sought sole legal custody of the subject child.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing on the petitions and a new determination thereafter in accordance herewith; and it is further,

Ordered that pending the new hearing and determination of the petitions, the provisions of the order dated July 29, 2014, regarding custody and visitation shall remain in effect.

The parties are the parents of the subject child. The mother petitioned for sole legal and physical custody of the child. The father separately petitioned for, inter alia, sole legal custody of the child. In an order dated July 29, 2014, the Family Court denied the mother's petition, granted the father's petition, awarded sole legal and physical custody to the father, set holiday and visitation schedules, and gave the parents joint decisionmaking authority over major educational and medical issues.

The mother was found to be indigent and entitled to assigned

counsel. An attorney was appointed to represent her. Less than six months later, the mother's assigned counsel made an application to be relieved of the assignment. The Family Court granted the application, and assigned the mother a new attorney to represent her. Less than one year later, the mother's second attorney made an application to be relieved of the assignment to represent the mother. The Family Court granted the application of the mother's second attorney, and made a third assignment of counsel, appointing Serena Rosario to represent the mother.

The Family Court conducted a hearing on the petitions on various dates from March 13, 2013, until April 4, 2014. Rosario represented the mother until January 7, 2013. On that date, the mother addressed the court herself and requested an adjournment so that she could review certain trial materials. During the course of making her request, the mother made statements that reflected poorly on Rosario. Rosario responded to the mother's statements by defending her representation of the mother, and by making an application to be relieved of the assignment to represent her. The mother did not join in Rosario's application. The Family Court granted Rosario's application and relieved her of the assignment to represent the mother. However, the Family Court refused to assign the mother a new attorney. The Family Court told the mother that she was required to either hire a new attorney at her own expense, or represent herself in these proceedings. In this context, the Family Court warned the mother of the risks of proceeding pro se.

On the next hearing date, the mother indicated that she was unable to find an attorney to represent her. When asked if she was "representing herself at this point," she replied that she was "in search of an attorney but for the time being [she would] fill in." The mother represented herself for the remainder of the hearing, which was conducted over the course of the next three months. At the conclusion of the hearing, the Family Court, among other things, denied the mother's petition for sole legal and physical custody of the child and granted so much of the father's petition as sought sole legal custody of the child. The mother appeals. We reverse.

The Family Court Act enumerates "[e]ach of the persons [who] has the right to the assistance of counsel" (Family Ct Act § 262 [a]). One such person is "the parent of any child seeking custody . . . in any proceeding before the court in which the court has jurisdiction to determine such custody" (Family Ct Act § 262 [a] [v]; *see Matter of Mutone v Loos*, 101 AD3d 883,

883 [2012]). "[A]n indigent party has a right to assigned counsel in a Family Court custody proceeding" (*Matter of Munoz v Edmonds-Munoz*, 123 AD3d 1038, 1039 [2014]; *see Matter of Wiley v Musabyemariya*, 118 AD3d 898, 900 [2014]; *see also* Family Ct Act § 262 [a], [b]). Where, as here, an indigent party has a right to assigned counsel, "this entitlement does not encompass the right to counsel of one's own choosing" (*People v Porto*, 16 NY3d 93, 99 [2010]; *see People v Sides*, 75 NY2d 822, 824 [1990]; *Matter of Wiley v Musabyemariya*, 118 AD3d at 900). An application by an indigent person for the assignment of new counsel may be granted only "upon [a] showing [of] good cause for a substitution" (*People v Sides*, 75 NY2d at 824 [internal quotation marks omitted]; *see Matter of Wiley v Musabyemariya*, 118 AD3d at 900). "Good cause determinations are necessarily case-specific and therefore fall within the discretion of the trial court" (*People v Linares*, 2 NY3d 507, 510 [2004]; *see People v Smith*, 18 NY3d 588, 592 [2012]; *Matter of Wiley v Musabyemariya*, 118 AD3d at 900). Since the statutory right to the assignment of counsel runs in favor of the indigent party and not the attorney (*see* Family Ct Act § 262 [a]), the Family Court did not have an obligation to determine whether there was good cause for relieving Rosario of the assignment to represent the mother where, as here, Rosario made the application to be relieved, and the mother did not join in that application. In any event, the Family Court determined that, under the circumstances presented to it, it was appropriate to relieve Rosario of the assignment, and that determination is not at issue on this appeal. However, the fact that Rosario and the mother's first two attorneys successfully sought to be relieved of their assignment did not serve to extinguish the mother's right to have an attorney assigned to represent her.

A party to a Family Court proceeding who has the right to be represented by counsel may only proceed without counsel if that party has validly waived his or her right to representation (*see Matter of Belmonte v Batista*, 102 AD3d 682, 682 [2013]; *see also People v Arroyo*, 98 NY2d 101, 103 [2002]). "To determine whether a party is validly waiving the statutory right to counsel, the Family Court must conduct a 'searching inquiry' to ensure that the waiver is unequivocal, voluntary, and intelligent" (*Matter of Nixon v Christian*, 130 AD3d 831, 832 [2015], quoting *Matter of Jung [State Commn. on Jud. Conduct]*, 11 NY3d 365, 373 [2008]; *see Matter of Belmonte v Batista*, 102 AD3d at 682). "The deprivation of a party's fundamental right to counsel in a custody or visitation proceeding is a denial of due process which requires reversal, regardless of the merits of the unrepresented party's position" (*Matter*

*of Rosof v Mallory*, 88 AD3d 802, 802-803 [2011]; *see Matter of Nixon v Christian*, 130 AD3d at 832).

Here, the record does not demonstrate that the mother waived her right to counsel (*see Matter of Mutone v Loos*, 101 AD3d at 883). Although the Family Court discussed the risks of proceeding pro se, it never determined, in the first instance, whether the mother wanted to waive her right to have an attorney assigned to represent her. Indeed, the Family Court conducted no inquiry to determine whether the mother was waiving her right to counsel (*see Matter of Rosof v Mallory*, 88 AD3d at 802), and the record demonstrates that the mother "did not wish to proceed pro se, but was forced to do so" even though she was entitled to have an attorney assigned to represent her (*Matter of Nixon v Christian*, 130 AD3d at 832; *see Matter of Rosof v Mallory*, 88 AD3d at 802). Accordingly, since the mother did not knowingly, intelligently, and voluntarily waive her right to counsel, the Family Court's order must be reversed and the matter remitted to the Family Court, Kings County, for a determination of whether the mother wishes to waive her right to counsel, the assignment of new counsel if warranted, and a new hearing on the petitions and a new determination thereafter. In the interim, and until further order of the Family Court, Kings County, the provisions of the order dated July 29, 2014, regarding custody and visitation shall remain in effect (*see e.g. Matter of Velez v Alvarez*, 129 AD3d 1096, 1097 [2015]).

In light of the foregoing, we need not reach the mother's remaining contentions. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.