**38**   In the Matter of CARMELO ROSADO, Appellant, v SONIA BADILLO, Respondent. [54 NYS3d 316]—

Appeal by the father from an order of the Family Court, Kings County (William Franc Perry, J.), dated January 13, 2016. The order, after a hearing, dismissed the father's petition to modify a prior order of custody.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for the assignment of an attorney to represent the father, and thereafter a new hearing on the petition and a new determination thereafter.

The parties are the parents of one child, born in 1999. In an order dated March 30, 2015, the mother was awarded sole custody of the child. Approximately one month later, the father petitioned for a modification of that order. The Family Court, inter alia, assigned an attorney to represent the father, but in November 2015, that attorney moved to be relieved of the assignment. The court granted the motion, but did not assign a new attorney to represent the father. On the date of the hearing on the modification petition, the court denied the father's request for the assignment of a new attorney, stating that the father could either proceed pro se or have his petition dismissed. The father proceeded pro se and, in the order appealed from, the Family Court dismissed his petition for failure to state a cause of action.

Under the circumstances presented, where the Family Court granted assigned counsel's motion to be relieved, refused to assign the father a new attorney, and then compelled the father to choose between representing himself or having his petition dismissed, the Family Court violated the father's right to be represented by counsel (*see* Family Ct Act §§ 261, 262; *Matter of Tarnai v Buchbinder*, 132 AD3d 884, 886 [2015]; *Matter of Rosof v Mallory*, 88 AD3d 802, 802 [2011]; *Matter of Vazana v Vazana*, 32 AD3d 478, 479 [2006]). The father neither forfeited his right to counsel nor knowingly, voluntarily, and intelligently waived his right to counsel (*see Matter of Rovira v Roth*, 140 AD3d 1173, 1174 [2016]; *Matter of Tarnai v Buchbinder*, 132 AD3d at 886). Moreover, the mere fact that the court granted the motion of the father's first assigned counsel to be relieved did not serve to extinguish the father's right to have another attorney assigned to represent him (*see Matter of Rovira v Roth*, 140 AD3d at 1174; *Matter of Tarnai v Buchbinder*, 132 AD3d at 886). Accordingly, upon granting the motion of the

father's assigned counsel to be relieved of his assignment, the Family Court should have assigned the father new counsel (*see Matter of Rovira v Roth*, 140 AD3d at 1174). Therefore, we reverse the order appealed from and remit the matter to the Family Court, Kings County, for the assignment of new counsel, a new hearing on the father's petition, and a new determination thereafter. Dillon, J.P., Austin, Roman and Cohen, JJ., concur.