Matter of Wiley v Musabyemariya (2021 NY Slip Op 04231)





Matter of Wiley v Musabyemariya


2021 NY Slip Op 04231


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-12392
 (Docket Nos. V-718-12/17E, V-718-12/19G)

[*1]In the Matter of Martin A. Wiley, appellant,
v
Epiphanie Musabyemariya, respondent.


Salvatore C. Adamo, New York, NY, for appellant.
Erin E. Browne, Beacon, NY, for respondent.
Michael J. O'Connor, Poughkeepsie, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), entered September 25, 2019. The order, upon the denial of the father's motion to relieve the guardian ad litem and his attorney, and upon the withdrawal of the petition, dismissed the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The father was assigned a guardian ad litem and counsel to represent him on, inter alia, a modification petition pending before the Family Court. Thereafter, the father moved to relieve his guardian ad litem and his assigned attorney, arguing that they had neglected their legal duties to him. The Family Court denied the motion, and dismissed the petition based upon its withdrawal by the guardian ad litem and assigned counsel on the father's behalf. The father appeals. We affirm.
The Family Court providently exercised its discretion in denying the father's motion to relieve assigned counsel and the guardian ad litem. The father was entitled to assigned counsel, but not counsel of his own choosing (see Tarnai v Buchbinder, 132 AD3d 884, 886; Matter of Wiley v Musabyemariya, 118 AD3d 898, 900). "An indigent person may be entitled to new assigned counsel only upon a showing of good cause for a substitution" (Matter of Wiley v Musabyemariya, 118 AD3d at 900 [brackets and internal quotation marks omitted]). "Good cause determinations are necessarily case-specific and therefore fall within the discretion of the trial court" (People v Linares, 2 NY3d 507, 510; see Matter of Wiley v Musabyemariya, 118 AD3d at 900). Here, the court providently exercised its discretion in determining that there was no good cause shown for the father's request to relieve his assigned counsel.
The determination to appoint a guardian ad litem in a prior order was based upon information submitted by the father evincing that he was incapable of adequately prosecuting or defending his rights (see CPLR 1201; Matter of Fischer v Fischer, 21 AD3d 554). Contrary to the father's contention, there was no evidence to support his claim that the guardian ad litem had a conflict of interest.
The father's remaining contentions are not properly before this Court.
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court