Brandel v Brandel (2021 NY Slip Op 05116)





Brandel v Brandel


2021 NY Slip Op 05116


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-11126
 (Index No. 2974/15)

[*1]Cecilia Brandel, respondent, 
v
William Brandel, appellant.


Richard L. Herzfeld, New York, NY, for appellant, and appellant pro se.
Kelli M. O'Brien, Goshen, NY, attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Orange County (Robert A. Onofry, J.), dated July 9, 2019. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated February 14, 2019, made after a nonjury trial, upon an order of the same court also dated February 14, 2019, and upon an order of the same court dated May 1, 2019, (1) awarded the plaintiff primary physical custody of the parties' child, with certain parental access to the defendant, (2) failed to award the defendant maintenance, (3) failed to award the defendant retroactive child support, and (4) directed the defendant to pay 50% of the total bill for legal services of the attorney for the child.
ORDERED that the judgment of divorce is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff primary physical custody of the parties' child, with certain parental access to the defendant; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, the orders dated February 14, 2019, and May 1, 2019, are modified accordingly, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment of divorce thereafter; and it is further,
ORDERED that pending a new determination on the issue of custody, the custody and parental access provisions of the judgment of divorce shall remain in effect.
The parties were married in 2008 and have one child together, born in 2012. The plaintiff commenced the instant divorce action in the Supreme Court in April 2015, seeking, inter alia, sole custody of the child. During a Family Court proceeding in May 2015, the parties agreed to a resolution in open court. In an order of custody and parental access dated July 13, 2015, issued on consent, the Family Court, among other things, awarded the defendant primary physical custody of the child. During the divorce trial, the defendant's attorney was permitted to withdraw, and the defendant proceeded pro se. At the conclusion of the trial, the Supreme Court issued a judgment of divorce, inter alia, awarding the plaintiff primary physical custody of the child, with certain parental access to the defendant. The defendant appeals.
A divorce litigant has a statutory right to counsel for the custody portion of the litigation (see Family Ct Act § 262[a][iii], [v]; Judiciary Law § 35[8]). Here, the defendant's [*2]attorney was permitted to withdraw during the trial, and the defendant proceeded pro se. However, the Supreme Court did not determine whether the defendant was unequivocally, voluntarily, and intelligently waiving his right to counsel (see Matter of Tarnai v Buchbinder, 132 AD3d 884, 886; Matter of Nixon v Christian, 130 AD3d 831, 832) and failed to inquire whether the defendant understood the risks and disadvantages of appearing pro se. Accordingly, we modify the judgment of divorce by deleting the provision thereof awarding the plaintiff primary physical custody of the child, without regard to the merits of the defendant's position, and remit the matter to the Supreme Court, Orange County, for a new trial on the issue of modification of custody (see Charbonneau v Charbonneau, 151 AD3d 1060, 1061; Matter of Pugh v Pugh, 125 AD3d 663, 664). At that time, the court should conduct a more detailed inquiry to determine whether the defendant is eligible for assigned counsel. Pending the new trial and determination, the provisions of the judgment of divorce regarding custody and parental access shall remain in effect.
The defendant's remaining contentions need not be reached in light of our determination, are not properly before this Court, or are without merit.
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court