Wondemagegehu v Edem (2021 NY Slip Op 06213)





Wondemagegehu v Edem


2021 NY Slip Op 06213


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2019-02901
 (Index No. 51095/14)

[*1]Kidist Wondemagegehu, respondent,
v
Orok Edem, appellant.


Orek Edem, Staten Island, NY, appellant pro se.
Dechert LLP, New York, NY (Thomas F. Munno of counsel), for respondent.
Helene Bernstein, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Richmond County (Robert W. Soos, Ct. Atty. Ref.), dated December 17, 2018. The judgment of divorce, upon a decision of the same court dated September 27, 2018, made after a nonjury trial, upon an order of the same court (Barbara Panepinto, J.), dated March 5, 2018, denying that branch of the defendant's motion which was to vacate an order of custody dated August 22, 2017, and upon the denial of the defendant's motion to modify the order of custody dated August 22, 2017, inter alia, (1) directed the defendant to pay the plaintiff maintenance in the amount of $1,438.82 per month for 36 months, (2) awarded the plaintiff sole legal and residential custody of the parties' two children, with certain parental access to the defendant, and (3) directed the defendant to pay the plaintiff child support in the amount of $1,774.67 per month.
ORDERED that the judgment of divorce is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff sole legal and residential custody of the parties' two children, with certain parental access to the defendant; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, the order dated March 5, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment of divorce thereafter; and it is further,
ORDERED that pending the entry of an amended judgment of divorce, the provisions of the judgment of divorce, including those relating to custody and parental access, shall remain in effect.
The parties were married in 2005, and have two children. In 2014, the plaintiff commenced the instant action for a divorce and ancillary relief. Throughout this highly contested action, the parties engaged in extensive motion practice and appeared on multiple occasions before the Supreme Court, resulting in the issuance of several orders, oral rulings, and a judgment of divorce. Among other things, in an order of custody dated August 22, 2017, entered upon the consent of the parties, the court, inter alia, awarded the plaintiff sole legal and residential custody [*2]of the children, with parental access to the defendant (hereinafter the custody order). The defendant moved pro se, inter alia, to vacate the custody order. Thereafter, the defendant moved pro se to modify the custody order. In an order dated March 5, 2018, the court denied that branch of the defendant's motion which was to vacate the custody order. Additionally, the court denied the defendant's motion to modify the custody order.
Following a nonjury trial, a judgment of divorce dated December 17, 2018, was entered, inter alia, awarding the plaintiff sole legal and residential custody of the children, with certain parental access to the defendant. The defendant appeals from stated portions of the judgment of divorce.
The parent of any child seeking custody or contesting the substantial infringement of his or her right to custody of such child must be advised "before proceeding that he or she has the right to be represented by counsel of his or her own choosing, of the right to have an adjournment to confer with counsel, and of the right to have counsel assigned by the court in any case where he or she is financially unable to obtain the same" (Family Ct Act § 262[a][v]; see Judiciary Law § 35[8]; Brandel v Brandel, 197 AD3d 1287; DiBella v DiBella, 161 AD3d 1239, 1240; Greenberg v Greenberg, 144 AD3d 625, 630). A party may waive the right to counsel, provided he or she makes a knowing, voluntary, and intelligent waiver of that right (see Matter of Means v Miller, 175 AD3d 498, 499-500). Here, the Supreme Court failed to conduct the requisite inquiry before allowing the defendant to proceed pro se with regard to the hearing and determination of the defendant's motions to modify and/or vacate the custody order (see Matter of Tarnai v Buchbinder, 132 AD3d 884). Accordingly, we modify the judgment of divorce by deleting the provision thereof awarding the plaintiff sole legal and residential custody of the children, without regard to the merits of the defendant's position, and remit the matter to the Supreme Court, Richmond County, for a determination of whether the defendant wishes to waive his right to counsel, the assignment of counsel if warranted, a new hearing and a new determination of that branch of the defendant's motion which was to vacate the custody order and of the defendant's motion to modify the custody order, and the entry of an appropriate amended judgment of divorce thereafter. In the interim, and until the entry of an amended judgment of divorce, the provisions of the judgment of divorce, including those relating to custody and parental access, shall remain in effect.
The defendant's remaining contentions are either without merit or not properly before this Court.
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court