Matter of Sylvester v Goffe (2022 NY Slip Op 01028)





Matter of Sylvester v Goffe


2022 NY Slip Op 01028


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.


2020-07276
 (Docket No. U-7134-16/19I)

[*1]In the Matter of Leonna Sylvester, respondent,
v
Jason P. Goffe, appellant. 


Orrick, Herrington & Sutcliffe LLP, New York, NY (Rene Kathawala of counsel), for respondent.
Thomas T. Keating, Dobbs Ferry, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5-B, the father appeals from an order of commitment of the Family Court, Nassau County (Conrad D. Singer, J.), dated September 23, 2020. The order of commitment, upon an order of the same court (Adam E. Small, S.M.) dated February 25, 2020, made after a hearing, finding the father to be in willful violation of an order of the same court (Nadine J. Satterthwaite, S.M.) dated August 17, 2017, and upon, in effect, the confirmation by the same court (Conrad D. Singer, J.) of the finding of willfulness, committed the father to the custody of the Nassau County Correctional Facility for a period of 60 days unless he paid the purge amount of $1,800.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 60 days unless he paid the purge amount of $1,800 is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of commitment is reversed insofar as reviewed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a new hearing on the petition and a new determination thereafter in accordance herewith.
The parties have one child together, who was born in 2015. Pursuant to an order dated August 17, 2017, the father was directed, among other things, to pay basic child support in the sum of $100 per week (hereinafter the child support order). In August 2019, the mother filed a petition, alleging that the father was in willful violation of the child support order. The father, in turn, filed a petition for a downward modification of his child support obligation. After a hearing at which the father appeared pro se, a Support Magistrate dismissed both petitions.
The mother filed objections to the Support Magistrate's order and findings of facts; the father did not file objections. The Family Court granted the mother's objections to the extent of reinstating so much of her petition as alleged that the father willfully violated the child support order by failing to pay basic child support. The court remanded the matter to the Support Magistrate to determine whether the father's violation was willful and for a determination as to any appropriate relief.
On remand, the Support Magistrate found the father's violation willful and recommended an order of commitment. The Family Court subsequently, in effect, confirmed the willfulness finding and issued an order of commitment committing the father to the Nassau County Correctional Facility for a period of 60 days unless he paid the specified purge amount. The father appeals.
As an initial matter, contrary to the mother's contention, this appeal has not been rendered academic by virtue of the fact that the father ultimately paid the purge amount and avoided incarceration (see Matter of Zullo v Hom, 10 AD3d 614, 616). Although the appeal from so much of the order of commitment as directed that the father pay the specified purge amount or face incarceration must be dismissed as academic, the appeal from so much of the order as, in effect, confirmed the finding that the father was in willful violation of the child support order is not academic given the enduring consequences which could flow from that finding (see Matter of Leonard v Leonard, 150 AD3d 1242, 1243).
An individual has a constitutional right to counsel in any proceeding in which incarceration is a possibility (see Matter of Gallousis v Gallousis, 166 AD3d 972, 973). Moreover, a parent has the statutory right to counsel in a proceeding in which it is alleged that he or she has willfully failed to comply with a prior child support order (see Family Ct Act § 262[a][vi]; Matter of Anderson v Hailey, 13 AD3d 911, 911). Although this right may be waived, the waiver must be knowing, voluntary, and intelligent (Matter of Minor v Birkenmeyer, _____ AD3d _____, _____, 2021 NY Slip Op 07546, *1 [2d Dept]). "While there is no rigid formula to be followed in such an inquiry, and the approach is flexible, the record must demonstrate that the party was aware of the dangers and disadvantages of proceeding without counsel" (Matter of McGregor v Bacchus, 54 AD3d 678, 679 [citation and internal quotation marks omitted]).
In this case, at the beginning of the hearing, the Support Magistrate asked the father what he "want[ed] to do about legal representation," to which the father responded, "I'm speaking for myself at this point." The Support Magistrate did not make any further inquiries regarding counsel. The Support Magistrate also failed to advise the father about the potential pitfalls of proceeding pro se. Thus, the Support Magistrate failed to conduct a sufficiently searching inquiry to ensure that the father's waiver of his right to counsel was knowing, intelligent, and voluntary (see Matter of Lherisson v Goffe, 198 AD3d 965, 966-967). Under these circumstances, the father was deprived of his right to counsel at the hearing. Contrary to the mother's contention, this violation was not cured by the fact that the father was later represented by assigned counsel during the confirmation hearing (see Matter of Worsdale v Holowchak, 170 AD3d 1027, 1029).
Accordingly, the order of commitment must be reversed, and the matter remitted to the Family Court, Nassau County, for a new hearing on the violation petition and a new determination thereafter (see id., 170 AD3d 1027; Matter of Gallousis v Gallousis, 166 AD3d 972).
The father's contentions with respect to his petition for a downward modification of his child support obligation are not properly before this Court (see Matter of Christiani v Rhody, 90 AD3d 1090, 1091).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court