Hoffman v Hoffman (2023 NY Slip Op 04959)

Hoffman v Hoffman

2023 NY Slip Op 04959

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-03823
 (Index No. 7174/18)

[*1]Sara Hoffman, plaintiff,
v
Joel Hoffman, appellant.

Offit Kurman, P.A., New York, NY (Elliot J. Rosner of counsel), for appellant.

DECISION & ORDER
In a matrimonial action, the defendant appeals, by permission, from an order of commitment of the Supreme Court, Orange County (Carol S. Klein, J.), dated May 16, 2022. The order of commitment, sua sponte, committed the defendant to the custody of the Orange County Sheriff Department pending further appearance unless he paid bail in the amount of $40,000.
ORDERED that the order of commitment is reversed, on the law and in the exercise of discretion, without costs or disbursements, and a warrant issued by the Supreme Court, Orange County, on May 9, 2022, is vacated.
Subsequent to a decision and order after trial dated July 13, 2021, the plaintiff in this matrimonial action moved, inter alia, to hold the defendant in civil contempt for failing to comply with his court-ordered child support obligations. A virtual conference was held on May 9, 2022. The defendant appeared at the conference approximately 20 minutes late, after the Supreme Court had already issued a warrant for the defendant's arrest and set bail at $40,000 for his failure to appear. With everyone still present in court, the defendant requested that an attorney be assigned to him because he could not afford one. The court denied the request, but stayed enforcement of the warrant for one week and directed the defendant to pay $40,000 during that time. The defendant failed to make the payment, and, on May 16, 2022, after an appearance in court by both parties, the court issued an order of commitment comitting the defendant to the custody of the Orange County Sheriff Department pending further appearance and continuing bail at $40,000.
"In general, the respondent in a civil contempt proceeding who faces the possibility of the imposition of a term of imprisonment, however short, has the right to the assignment of counsel upon a finding of indigence" (Matter of DeMarco v Raftery, 242 AD2d 625, 626). "Moreover, a parent has the statutory right to counsel in a proceeding in which it is alleged that he or she has willfully failed to comply with a prior child support order" (Matter of Sylvester v Goffe, 202 AD3d 970, 972).
Here, the defendant informed the Supreme Court on multiple occasions that he could not afford to retain an attorney. Therefore, prior to issuing an order of commitment, the court should have inquired into the defendant's current financial circumstances to determine whether he had become eligible for assigned counsel (see Matter of Worsdale v Holowchak, 170 AD3d 1027, 1029).
Further, it was an improvident exercise of discretion for the Supreme Court to decline [*2]to vacate the warrant issued for the defendant's arrest after his eventual appearance at the conference on May 9, 2022, and his subsequent appearance at the conference on May 16, 2022. That the court issued a warrant and set bail at $40,000 in response to what was, in effect, a late appearance is particularly egregious where the potentially indigent defendant claimed that he did not have the means to pay his court-ordered child support.
Accordingly, we reverse the order of commitment and vacate the warrant.
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court