Matter of Theisman N.E. (Tiesha M.N.) (2026 NY Slip Op 00506)

Matter of Theisman N.E. (Tiesha M.N.)

2026 NY Slip Op 00506

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2024-08018
 (Docket No. G-17407-23)

[*1]In the Matter of Theisman N. E. (Anonymous). Marie E. (Anonymous), respondent; Tiesha M. N. (Anonymous), appellant.

Christian P. Myrill, Jamaica, NY, for appellant.
Marion C. Perry, New York, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an amended order of the Family Court, Kings County (Ilana Gruebel, J.), dated May 22, 2024. The amended order, after a hearing, granted the petition of the paternal grandmother to be appointed guardian of the subject child.
ORDERED that the amended order is affirmed, without costs or disbursements.
The subject child was born in March 2006. In January 2021, the Administration for Children's Services commenced a proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the child. In an order of fact-finding and disposition dated April 20, 2022, the Family Court, inter alia, found that the mother neglected the child.
In August 2023, the child's paternal grandmother (hereinafter the grandmother) filed a petition to be appointed guardian of the child. The Family Court held a bifurcated hearing on the petition. In November 2023, following a hearing on extraordinary circumstances, the court found that extraordinary circumstances existed to warrant an inquiry into whether the appointment of the grandmother as the child's guardian was in his best interests. In April 2024, following a hearing on the best interests of the child, the court determined that it was in the best interests of the child, who had turned 18 years old prior to the best interests hearing and consented to the guardianship, to appoint the grandmother as his guardian until his 21st birthday. In an amended order dated May 22, 2024, the court granted the grandmother's petition to be appointed guardian of the child. The mother appeals.
The Family Court providently exercised its discretion in declining to appoint a new attorney for the mother and in denying her request to proceed pro se. The record reflects that the mother's appointed attorney was her fourth since the inception of the neglect proceeding and that she had failed to work effectively with any of her previous attorneys. Further, the mother failed to identify any specific shortcomings of her attorney constituting good cause for a substitution of counsel (see Matter of Wiley v Musabyemariya, 196 AD3d 493, 493; Matter of Tanisha M.M. [Toni [*2]D.S.—Anthony M.], 170 AD3d 841, 841-842; Matter of Munoz v Edwards-Munoz, 123 AD3d 1038, 1039). As to her request to proceed pro se, the mother forfeited that right by "engaging in disruptive or obstreperous conduct calculated to undermine, upset or unreasonably delay" the progress of the hearing (People v Wingate, 184 AD3d 738, 738 [internal quotation marks omitted]; see People v Williams, 134 AD3d 639, 639; Matter of Aiden XX. [Jesse XX.], 104 AD3d 1094, 1097).
The mother's contention that the grandmother failed to demonstrate extraordinary circumstances warranting a best interests inquiry has been rendered academic upon the child reaching the age of 18, as, upon the child reaching the age of majority, the mother was entitled to an opportunity to be heard solely on the issue of whether the appointment of the grandmother as guardian of the child would promote the child's best interests (see Matter of Melissa B. v Dean S., 89 AD3d 1018, 1019).
The Family Court's determination that it was in the best interests of the child to appoint the grandmother as guardian of the child is supported by a sound and substantial basis in the record, as the evidence adduced at the hearing established that the grandmother had been providing a safe and stable home environment for the child and was meeting all of his needs (see Matter of Tanisha M.M. [Toni D.S.—Anthony M.], 170 AD3d at 842; Matter of Angela-Marie C. [Renee C.], 162 AD3d 1010, 1012).
The parties' remaining contentions either have previously been considered and rejected by the Court or are without merit.
IANNACCI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court