Matter of Baldwin v Peterkin

2026 NY Slip Op 02647

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Kimora Baldwin, respondent,

v

Malcolm A. Peterkin, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2025-03549, 2025-03552, (Docket No. F-15894-17/24E)

Mark C. Dillon, J.P.

Paul Wooten

Lourdes M. Ventura

Lisa S. Ottley, JJ.

Lewis S. Calderon, Jamaica, NY, for appellant.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Queens County (Connie Gonzalez, J.), dated March 10, 2025, and (2) an order of commitment of the same court also dated March 10, 2025. The order confirmed an order of disposition of the same court (Serena Rosario, S.M.) dated September 4, 2024, made after a hearing, finding that the father willfully violated a prior order of child support. The order of commitment, in effect, confirmed the order of disposition and committed the father to the custody of the New York City Department of Correction for a period of 60 days unless he paid a purge amount of $7,500.

ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the New York City Department of Correction for a period of 60 days unless he paid the purge amount of $7,500 is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Nestor v Nestor, 236 AD3d 794, 794; Matter of Stein-Zimic v Zimic, 194 AD3d 823, 824); and it is further

ORDERED that the order is reversed, on the law, without costs or disbursements, the order of disposition is vacated, and the matter is remitted to the Family Court, Queens County, for a new hearing on the violation petition and a new determination thereafter in accordance herewith; and it is further,

ORDERED that the order of commitment is reversed insofar as reviewed, on the law, without costs or disbursements.

In March 2024, the mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father was in willful violation of a prior order of child support. At the initial appearance before a Support Magistrate on April 3, 2024, the father was assigned counsel. At a subsequent proceeding on July 30, 2024, the Support Magistrate relieved the father's assigned counsel upon the father's request.

At the next proceeding on August 28, 2024, the father appeared without counsel and indicated that he had not been assigned a new attorney. The Support Magistrate advised the father that a hearing on the mother's violation petition was scheduled for that date and asked the father if he intended to "present a defense on [his] own, . . . not participat[e], or hir[e] an attorney." After the [*2]father gave a nonresponsive answer, the Support Magistrate stated that "the Court will proceed on the [father's] default." The father again protested that he did not have an attorney. The Support Magistrate then found that the father "is choosing not to participate in the proceedings." In an order of disposition dated September 4, 2024, the Support Magistrate found that the father willfully violated the prior order of child support.

In an order dated March 10, 2025, the Family Court confirmed the order of disposition. In an order of commitment, also dated March 10, 2025, the Family Court in effect, confirmed the order of disposition and committed the father to the custody of the New York City Department of Correction for a period of 60 days unless he paid a purge amount of $7,500. The father appeals.

Although the appeal from so much of the order of commitment as committed the father to the custody of the New York City Department of Correction for a period of 60 days must be dismissed as academic, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father willfully violated the child support order is not academic in light of the enduring consequences that could flow from the determination that he violated his support obligations (see Matter of Nestor v Nestor, 236 AD3d at 795; Matter of Stein-Zimic v Zimic, 194 AD3d at 824).

"An individual has a constitutional right to counsel in any proceeding in which incarceration is a possibility. Moreover, a parent has the statutory right to counsel in a proceeding in which it is alleged that he or she has willfully failed to comply with a prior child support order" (Matter of Sylvester v Goffe, 202 AD3d 970, 972 [internal citation omitted]; see Family Ct Act § 262[a][vi]). "Although this right may be waived, the waiver must be knowing, voluntary, and intelligent" (Matter of Sylvester v Goffe, 202 AD3d at 972; see Matter of Mercado v Arzola, 212 AD3d 815, 816). The deprivation of a party's fundamental right to counsel in a custody or visitation proceeding is a denial of due process which requires reversal, regardless of the merits of the unrepresented party's position (see Matter of Abigail M.A. [James A.], 222 AD3d 973, 976; Matter of Tarnai v Buchbinder, 132 AD3d 884, 886).

Here, the record demonstrates that the father "did not wish to proceed pro se, but was forced to do so" (Matter of Tarnai v Buchbinder, 132 AD3d at 887 [internal quotation marks omitted]). At the proceeding on August 28, 2024, the father repeatedly protested that he did not have an attorney, and the Support Magistrate did not conduct an inquiry to determine whether the father was waiving his right to counsel or address the possibility of assigning new counsel to the father (see Matter of Rosof v Mallory, 88 AD3d 802, 802-803). Moreover, although the Support Magistrate had previously cautioned the father against self-representation when the father's former assigned counsel was relieved, the Support Magistrate at no point conducted a sufficiently searching inquiry to ensure that the father was knowingly, voluntarily, and intelligently waiving his right to counsel (see Matter of Lherisson v Goffe, 198 AD3d 965, 967; Matter of Means v Miller, 175 AD3d 498, 500). The deprivation of the father's fundamental right to counsel requires reversal, without regard to the merits of his position, especially where, as here, the record demonstrates that the father did not have a basic understanding of court proceedings (see Matter of Pugh v Pugh, 125 AD3d 663, 664).

Accordingly, we remit the matter to the Family Court, Queens County, for a determination of whether the father wishes to waive his right to counsel, the assignment of new counsel if warranted, and a new hearing on the petition and a new determination thereafter (see Matter of Tarnai v Buchbinder, 132 AD3d at 887).

DILLON, J.P., WOOTEN, VENTURA and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court