■ In the Matter of CINDY L. S., Respondent, v DAVID L. S., Appellant. [669 NYS2d 306] —In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of the Family Court, Dutchess County (Pagones, J.), dated July 3, 1996, which granted the petition for an order of protection.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

Although the order of protection has expired, we have addressed the merits of the husband's appeal from that order, since enduring consequences may flow from an adjudication that he has committed a family offense (*see, Matter of Bickwid v Deutsch,* 87 NY2d 862; *Matter of Betz v Betz,* 241 AD2d 519; *Matter of Grossman v Grossman,* 238 AD2d 339; *Matter of Platsky v Platsky,* 237 AD2d 610; *Matter of Tibichrani v Debs,* 230 AD2d 746; *Matter of Cutrone v Cutrone,* 225 AD2d 767). However, a remittal for a new hearing is not warranted in this case, since the expiration of the order of protection has rendered the wife's petition academic.

The Family Court improvidently exercised its discretion in denying the husband's request for a reasonable adjournment, thereby requiring him to appear *pro se* at the fact-finding and dispositional hearing. The husband informed the court that the attorney he believed he had retained had recently decided that he would not take the case, and requested that the court allow him time to secure representation. The court denied the husband's application, conducted a hearing, and ultimately granted the wife's petition for an order of protection.

Although the granting of an adjournment is a matter which rests within the sound discretion of the trial court (*see, Jadar Dev. Corp. v Greenspan,* 230 AD2d 828; *Treppeda v Treppeda,* 212 AD2d 592), under these circumstances the court improvidently denied the husband's single request for an adjournment to enable him to secure the counsel to which he was statutorily entitled (*see,* Family Ct Act § 262 [a] [ii]).

The husband's remaining contentions are without merit. Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.