■ In the Matter of EUGENE D. SHEPHERD, JR., Appellant, v DONNA MOORE-SHEPHERD, Respondent. [863 NYS2d 57]—

In a child custody proceeding, the father appeals from (1) an order of the Family Court, Queens County (Seiden, R.), dated August 30, 2007, which, after a fact-finding hearing, changed the custody provisions as set forth in prior orders of the same

court from joint legal custody to full custody and sole authority over the child by the mother, and (2) an order of the same court, also dated August 30, 2007.

Ordered that the appeal from the second order dated August 30, 2007, is dismissed as abandoned; and it is further,

Ordered that the first order dated August 30, 2007, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

Family Court Act § 262 (a) (v) confers the right to the assistance of counsel upon "the parent of any child *seeking* custody or *contesting* the substantial infringement of his or her right to custody of such child, in any proceeding before the court in which the court has jurisdiction to determine such custody." The statute further provides that "[w]hen such person first appears in court, the judge shall advise such person before proceeding that he or she has the right to be represented by counsel of his or her own choosing, of the right to have an adjournment to confer with counsel, and of the right to have counsel assigned by the court in any case where he or she is financially unable to obtain the same" (Family Ct Act § 262 [a]).

Here, the court did not advise the father that he had the right to be represented by counsel, that if he was unable to afford an attorney, he had the right to seek an adjournment to confer with counsel or one would be appointed for him. Instead, on each court date of this proceeding, the court merely inquired of the parties, "Are you going to speak for yourself?" When the parties answered that they would be speaking for themselves, the court proceeded without further inquiry, with neither party represented by counsel. "[T]his colloquy does not reflect an explicit, informed waiver, by the [father], of his right to counsel, guaranteed by section 262 [(a) (v)] of the Family Court Act," as it does not show that the father had a "sufficient awareness of the relevant circumstances and probable consequences of his waiver" (*Matter of Brainard v Brainard,* 88 AD2d 996 [1982]; *see Matter of Lawrence S.,* 29 NY2d 206, 208 [1971]; *Matter of Miranda v Vasquez,* 14 AD3d 566 [2005]; *Matter of Commissioner of Social Servs. v Rodriquez,* 284 AD2d 330, 331 [2001]; *Hebert v Hebert,* 149 AD2d 949, 949-950 [1989]). Accordingly, a new hearing must be held at which the parties should be fully apprised, pursuant to the statute, of their right to be represented by counsel. Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.