■ In the Matter of BRITTANY DOINO, Respondent, v CARL CARTELLI, Appellant. [909 NYS2d 133]—

In a family offense proceeding pursuant to Family Court Act article 8, Carl Cartelli appeals from an order of protection of the Family Court, Westchester County (Klein, J.), entered November 23, 2009, which, after a hearing, and upon a finding that he committed the family offense of harassment, directed him, inter alia, to stay away from the petitioner for a period of two years.

Ordered that the order of protection is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a new fact-finding hearing and determination on the petition; and it is further,

Ordered that the temporary order of protection against the appellant entered October 7, 2009, is reinstated pending the new fact-finding hearing and determination.

On the date of the fact-finding hearing, at the first call of the calendar, the appellant informed the Family Court that he had retained an attorney, and that the attorney was on his way to the courthouse. At the second call, approximately one hour later, when counsel had not yet appeared, the Family Court directed the parties to proceed, noting that no notice of appearance had been filed, and it would be unfair to the petitioner to delay the proceedings.

The appellant was deprived of his statutory right to counsel (*see* Family Ct Act § 262 [a] [ii]). Instead of directing the matter to go forward, the Family Court should have exercised its discretion to grant an adjournment (*see Matter of Vidal v Mintzer*, 309 AD2d 756, 758 [2003]; *Matter of Cindy L.S. v David L.S.*, 247 AD2d 543, 544 [1998]; *Matter of Patricia L. v Steven L.*, 119 AD2d 221, 226 [1986]). Notably, the appellant never waived his right to counsel (*see People v Providence*, 2 NY3d 579, 583 [2004]; *People v Arroyo*, 98 NY2d 101, 104 [2002]; *Matter of Jetter v Jetter*, 43 AD3d 821, 822 [2007]). Accordingly, reversal is required (*see Matter of Collier v Norman*, 69 AD3d 936, 937 [2010]).

The appellant did not raise the issue of subject matter jurisdiction before the Family Court, and while he may do so now for the first time on appeal (*see Matter of Lorenzana v Arafiles*, 297 AD2d 679, 680 [2002]), because no evidence was received on that issue, this Court does not have "sufficient relevant information to allow it to make an informed determination" (*Matter of Seye v Lamar*, 72 AD3d 975, 977 [2010]). Thus, on remittal, a hearing may be required on that issue (*id.* at 977).

The appellant's remaining contention is without merit. Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.