■ In the Matter of SHANNON M. CHARBONNEAU, Respondent, v BRIAN M. CHARBONNEAU, Appellant. [59 NYS3d 50]—

Appeal from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated August 22, 2016. The order, after a hearing, insofar as appealed from, granted the mother's petition to modify the custody and visitation provisions of the parties' judgment of divorce so as to permit her to relocate with the subject children to Arizona.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for further proceedings in accordance herewith.

Pursuant to a judgment of divorce dated November 29, 2011, the parties were awarded joint legal custody of their two children, with the mother having residential custody and the father having visitation. In November of 2015, the mother filed a petition seeking permission to relocate with the children to Arizona and on April 15, 2016, the father appeared with as-

signed counsel for a scheduled hearing. However, assigned counsel requested to be relieved, informing the Family Court that the father only contacted her the day before and also that she was not sure that the father qualified for assigned counsel. After the court granted assigned counsel's request to be relieved, it adjourned the hearing until June 24, 2016, so that the father could retain counsel. On June 24, 2016, the father told the court that he had retained an attorney but that the attorney could not be in court that day. The court, however, proceeded with the hearing after stating that it had no choice but to proceed.

We agree with the father's contention that he was deprived of his statutory right to counsel (*see* Family Ct Act § 262 [a] [v]). Under the circumstances, instead of ordering the hearing to proceed, the Family Court should have granted an adjournment (*see Matter of Savoca v Bellofatto*, 104 AD3d 695 [2013]). The father never waived his right to counsel (*see Matter of Tarnai v Buchbinder*, 132 AD3d 884, 887 [2015]; *Matter of Pugh v Pugh*, 125 AD3d 663, 664 [2015]; *Matter of Doino v Cartelli*, 77 AD3d 830, 831 [2010]). Accordingly, reversal is required, without regard to the merits of the father's position, and we remit the matter to the Family Court, Dutchess County, for a new hearing and new determination thereafter (*see Matter of Pugh v Pugh*, 125 AD3d at 664). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.