Matter of Follini v Currie (2020 NY Slip Op 08062)





Matter of Follini v Currie


2020 NY Slip Op 08062


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-09085
 (Docket Nos. V-6187-16/18C, V-6188-16/18C)

[*1]In the Matter of James Follini, Jr., respondent,
v
Galonda Currie, appellant.


Joseph J. Artrip, Cornwall, NY, for appellant.
Peter C. Lomtevas, Brooklyn, NY, for respondent.
Christine Foy Stage, Warwick, NY, attorney for the child Jionni F.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated June 26, 2019. The order, insofar as appealed from, after a hearing, granted the father's petition to modify an order of the same court dated June 4, 2018, so as to grant him sole legal and physical custody of the parties' two children.
ORDERED that the order dated June 26, 2019, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a new hearing with all deliberate speed and a new determination of the petition thereafter; and it is further,
ORDERED that pending the new hearing and new determination of the petition, the children shall remain in the custody of the father.
"Family Court Act § 262 provides certain parties to particular Family Court proceedings with a statutory right to counsel. If the party in question falls within one of the enumerated subdivisions thereto, he or she must be advised by the court, before proceeding, that he or she has the right to representation, the right to seek an adjournment to confer with counsel and the right to assigned counsel if he or she cannot afford to retain counsel" (Matter of Wilson v Bennett, 282 AD2d 933, 934). The deprivation of a party's fundamental right to counsel in a custody or visitation proceeding requires reversal, without regard to the merits of the unrepresented party's position (see Matter of Collier v Norman, 69 AD3d 936; Matter of Shepherd v Moore-Shepherd, 54 AD3d 347; Matter of Brown v Wood, 38 AD3d 769; Matter of Hall v Ladson, 28 AD3d 768; Matter of Knight v Griffith, 13 AD3d 449; Matter of Wilson v Bennett, 282 AD2d 933; Matter of Dominique L.B., 231 AD2d 948; Matter of Patricia L. v Steven L., 119 AD2d 221; Matter of Orneika J., 112 AD2d 78, 80).
Here, the mother clearly fell within one of the enumerated subdivisions of Family Court Act § 262 because she was the respondent in a custody modification proceeding. Therefore, the Family Court should have advised the mother of her right to counsel. Accordingly, in light of [*2]the court's failure to do so, we reverse the order insofar as appealed from and remit the matter to the Family Court, Orange County, for a new hearing at which the mother will be fully advised of her right to counsel pursuant to Family Court Act § 262 and for such further proceedings as may be necessary, including a new determination of the father's petition.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court