Matter of Fishman v Solomon (2021 NY Slip Op 04354)





Matter of Fishman v Solomon


2021 NY Slip Op 04354


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-08919 
2019-11623
2019-12471
2020-05245
2020-05247
 (Docket Nos. V-7-2019/2019H, V-8-2019/2019L, V-9-2019/2019F, V-10-2019/2019I, V-7-2019/2019A/2019B/2019C/2019E/2019G, V-8-2019/2019A/2019B/2019C/2019E/2019G, V-9-2019/2019A/2019B/2019C/2019E/2019G, V-10-2019/2019A/2019B/2019C/2019E/2019G, V-8186-2014/2018AG, V-8187-2014/2018AI, V-8188-2014/2018AH, V-8189-2014/2018AG)

[*1]In the Matter of Marc Fishman, appellant,
v
Jennifer Solomon, respondent. (Proceeding No. 1.)
In the Matter of Marc H. Fishman, appellant,
v
Jennifer S. Solomon, respondent. (Proceeding No. 2.)

 >

Legal Services of the Hudson Valley, White Plains, NY (Nicole E. Feit of counsel), for respondent.
Marc Fishman, Bronx, NY, appellant pro se.Salihah R. Denman, Mt. Kisco, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) stated portions of an order of parental access of the Supreme Court, Westchester County (IDV Part) (Susan M. Capeci, J.), dated July 16, 2019, (2) an order of the same court dated October 2, 2019, (3) stated portions of an order of parental access of the same court dated October 30, 2019, (4) stated portions of an order of parental access of the same court dated June 5, 2020, and (5) an order of the same court, also dated June 5, 2020. The orders of parental access, inter alia, declined to direct that the father could be accompanied to supervised parental access with the subject children by an aide of his choice. The order dated October 2, 2019, insofar as appealed from, granted, without a hearing, that branch of the mother's motion which was to dismiss the father's petitions alleging violation of an order of custody and parental access. The order dated June 5, 2020, insofar as appealed from, denied the father's motion to replace the parental-access supervisor.
ORDERED that the appeals from the orders of parental access dated July 16, 2019, [*2]and October 30, 2019, are dismissed, without costs or disbursements, as those orders were superseded by the order of parental access dated June 5, 2020; and it is further,
ORDERED that the order dated October 2, 2019, the order dated June 5, 2020, and the order of parental access dated June 5, 2020, are affirmed insofar as appealed from, without costs or disbursements.
The mother and the father have four children together. The mother has sole legal and physical custody of the children and the father has been awarded certain parental access.
Contrary to the father's contention, there is no evidence of any bias on the part of the Supreme Court in connection with its thoroughly explained determination to dismiss, without a hearing, certain violation petitions the father filed against the mother (see Matter of Yehudah v Yehudah, 144 AD3d 1046, 1047).
The father sought certain changes with respect to the conditions of his supervised parental access with the children. Contrary to his contention, the particular changes he sought, including being accompanied to supervised parental access by an aide of his choice and to replace the parental-access supervisor, which he presented as constituting reasonable accommodations under the Americans with Disabilities Act (42 USC § 12101 et seq.), were not mere administrative requests that solely affected the father, but, rather, would have direct consequences on the well-being of the children. Considering the best interests of the children (see Matter of Solomon v Fishman, 162 AD3d 1052, 1053), the Supreme Court providently exercised its discretion in the orders on appeal.
The father's remaining contentions are either without merit or not properly before this Court because they do not pertain to matters which are the subject of the orders on appeal.
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.

2019-08919 DECISION & ORDER ON MOTION
2019-11623
2019-12471
2020-05245
2020-05247
In the Matter of Marc Fishman, appellant,
v Jennifer Solomon, respondent.
(Proceeding No. 1)
In the Matter of Marc H. Fishman, appellant,
v Jennifer S. Solomon, respondent.
(Proceeding No. 2)
(Docket Nos. V-7-2019/2019H, V-8-2019/2019L,
V-9-2019/2019F, V-10-2019/2019I,
V-7-2019/2019A/2019B/2019C/2019E/2019G,
V-8-2019/2019A/2019B/2019C/2019E/2019G,
V-9-2019/2019A/2019B/2019C/2019E/2019G,
V-10-2019/2019A/2019B/2019C/2019E/2019G,
V-8186-2014/2018AG, V-8187-2014/2018AI,
V-8188-2014/2018AH, V-8189-2014/2018AG)

Motion by the respondent mother to dismiss an appeal from an order dated July 16, 2019, on the ground that the order was superseded by an order of the same court dated July 19, 2019. By decision and order on motion of this Court dated December 13, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion is denied as academic.
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court