Matter of Lherisson v Goffe (2021 NY Slip Op 05856)





Matter of Lherisson v Goffe


2021 NY Slip Op 05856


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2020-04596
 (Docket Nos. V-7582-13, V-9909-13)

[*1]In the Matter of Melinda Lherisson, respondent,
v
Jason P. Goffe, appellant. (Proceeding No. 1.)
In the Matter of Jason P. Goffe, appellant,
v
Melinda Lherisson, respondent. (Proceeding No. 2.)


Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.
Michael Kaszubski, Westbury, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated March 30, 2020. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify a final order of custody of the same court (Merik R. Aaron, J.) dated July 1, 2014, so as to award her sole legal and residential custody of the parties' child, with parental access to the father, and denied the father's petition to modify that final order of custody and dismissed his petition.
ORDERED that the order dated March 30, 2020, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County for a new hearing on the parties' petitions and a new determination thereafter; and it is further,
ORDERED that in the interim, and pending the new determination, the provisions of the order dated March 30, 2020, including those relating to custody and parental access, shall remain in effect.
The parties were never married and have a child in common. By final order of custody dated July 1, 2014, the Family Court, among other things, awarded the parties joint legal and residential custody of the child. In 2019, the parties both filed petitions to modify that final order of custody.
On June 17, 2019, at a court conference, the Family Court granted the application of the father's assigned counsel to be relieved. The father subsequently appeared at multiple court conferences without counsel. At a court conference on September 24, 2019, the court told the father that he could hire an attorney, screen for a court-appointed attorney, or continue to speak for himself, and the father stated that he would continue speaking for himself. On October 7, 2019, the court [*2]commenced a hearing, over the father's objection, with the father proceeding pro se.
By order dated March 30, 2020, the Family Court, after the hearing, among other things, awarded the mother sole legal and residential custody of the child, with parental access to the father. The father appeals.
"[T]he parent of any child seeking custody or contesting the substantial infringement of his or her right to custody of such child" (Family Ct Act § 262[a][v]) has "the right to the assistance of counsel" (id. § 262[a]). A party may waive that right and proceed without counsel provided he or she makes a knowing, voluntary, and intelligent waiver of the right to counsel (see Matter of Means v Miller, 175 AD3d 498, 499-500). In order to determine whether a party has validly waived the right to counsel, a court must conduct a "searching inquiry" to ensure that the waiver has been made knowingly, voluntarily, and intelligently (People v Arroyo, 98 NY2d 101, 103 [internal quotation marks omitted]; see Matter of Means v Miller, 175 AD3d at 500; Matter of Cecile D. [Kassia D.], 189 AD3d 1036, 1037). "While there is no rigid formula to be followed in such an inquiry, and the approach is flexible, the record must demonstrate that the party was aware of the dangers and disadvantages of proceeding without counsel" (Matter of McGregor v Bacchus, 54 AD3d 678, 679 [citation and internal quotation marks omitted]). "For example, the court may inquire about the litigant's 'age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver'" (Matter of Casey N., 59 AD3d 625, 627-628, quoting People v Smith, 92 NY2d 516, 520; see Matter of Alivia F. [John F.], 167 AD3d 880, 881). Here, the Family Court did not conduct a sufficiently searching inquiry to ensure that the father's waiver of his right to counsel was knowingly, voluntarily, and intelligently made (see Matter of Means v Miller, 175 AD3d at 499-500; Matter of Alivia F. [John F.], 167 AD3d at 881; Matter of Tarnai v Buchbinder, 132 AD3d 884, 887).
Since "[t]he deprivation of a party's fundamental right to counsel in a custody or visitation proceeding requires reversal, without regard to the merits of the unrepresented party's position" (Matter of Follini v Currie, 189 AD3d 1586, 1586; see Matter of Collier v Norman, 69 AD3d 936; Matter of Shepherd v Moore-Shepherd, 54 AD3d 347), we reverse the order insofar as appealed from and remit the matter to the Family Court, Nassau County, for a new hearing on the parties' modification petitions and a new determination thereafter (see Matter of Charbonneau v Charbonneau, 151 AD3d 1060; Matter of Pugh v Pugh, 125 AD3d 663, 664). In the interim and until the new determination, the provisions of the order dated March 30, 2020, including those relating to custody and parental access, shall remain in effect.
The father's remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court