Matter of Currie v Follini (2022 NY Slip Op 05528)

Matter of Currie v Follini

2022 NY Slip Op 05528

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-07925
 (Docket Nos. V-6187-13/18C, V-6187-13/20D, V-6188-13/18C, V-6188-13/20D)

[*1]In the Matter of Galonda D. Currie, appellant,
v
James Vincent Follini, Jr., respondent. (Proceeding No. 1)
In the Matter of James Vincent Follini, Jr., respondent,
v Galonda D. Currie, appellant. (Proceeding No. 2)

Paul N. Weber, Cornwall, NY, for appellant.
Peter W. Green, Middletown, NY, for respondent.
Christine F. Stage, Warwick, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated October 22, 2021. The order, insofar as appealed from, after a hearing, in effect, granted that branch of the father's petition which was to modify an order of the same court dated June 4, 2018, so as to award him sole legal and physical custody of the child Jionni F. and denied that branch of the mother's petition which was to modify the order dated June 4, 2018, so as to award her sole legal and physical custody of the child Jionni F.
ORDERED that the order dated October 22, 2021, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of the child Jionni F., who was born in 2012 (see Matter of Follini v Currie, 176 AD3d 1203, 1204). In an order dated June 4, 2018, the Family Court, inter alia, awarded the parties joint legal custody of the child (see id. at 1204). The father petitioned, among other things, to modify that order so as to award him sole legal and physical custody of the child (see Matter of Follini v Currie, 189 AD3d 1586). The mother petitioned, inter alia, to modify that order so as to award her sole legal and physical custody of the child. In an order dated October 22, 2021, made after a hearing, the court, among other things, in effect, granted that branch of the father's petition which was to modify the order dated June 4, 2018, so as to award him sole legal and physical custody of the child and denied that branch of the mother's petition which was to modify the order dated June 4, 2018, so as to award her sole legal and physical custody of the child. The mother appeals from those portions of the order dated October 22, 2021.
"[T]o modify an existing custody or parental access arrangement, there must be a [*2]showing of a change in circumstances such that modification is required to protect the best interests of the child" (Matter of LaPera v Restivo, 202 AD3d 788, 789). The best interests of the child are determined by assessing the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Langenau v Hargrove, 198 AD3d 650, 651-652). Here, contrary to the mother's contention, the Family Court's determination that there had been a change in circumstances requiring a transfer of legal and physical custody to the father to ensure the best interests of the child has a sound and substantial basis in the record (see Matter of Schellinger v Dunn, 195 AD3d 1034, 1035; Matter of DeVita v DeVita, 143 AD3d 981, 982).
Accordingly, the Family Court properly, in effect, granted that branch of the father's petition which was to modify the order dated June 4, 2018, so as to award him sole legal and physical custody of the child and denied that branch of the mother's petition which was to modify the order dated June 4, 2018, so as to award her sole legal and physical custody of the child.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court