Matter of Mercado v Arzola (2023 NY Slip Op 00321)

Matter of Mercado v Arzola

2023 NY Slip Op 00321

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2021-07652
 (Docket No. V-4459-19/21B)

[*1]In the Matter of Zabrina Mercado, respondent,
v
Denzel Arzola, appellant.

Alex Smith, Middletown, NY, for appellant.
Gloria Marchetti-Bruck, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), entered September 21, 2021. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify a prior order of the Family Court, Ulster County (Anthony McGinty, J.), entered July 12, 2016, so as to award the mother primary physical custody of the parties' child, with parental access to the father.
ORDERED that the order entered September 21, 2021, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a new hearing on the mother's petition and a new determination thereafter; and it is further,
ORDERED that in the interim, and pending the new determination, the provisions of the order entered September 21, 2021, regarding custody and parental access shall remain in effect.
The parties are the parents of the subject child, born in June 2012. Pursuant to an order of custody and parental access entered July 12, 2016, the parties had joint legal custody of the child and, in effect, shared parental access, with parental access for each parent on alternating weeks. In February 2021, the mother commenced this proceeding pursuant to Family Court Act article 6 seeking to modify the order entered July 12, 2016, so as to award her primary physical custody of the child, with parental access to the father.
At an appearance before the Family Court on the mother's petition, the court advised the father of his right to counsel, and the father requested an adjournment to obtain an attorney. The court stated that it would email the father contact information for Legal Aid and scheduled a date for a virtual hearing on the petition. On the scheduled hearing date, the father appeared without counsel and the court did not inquire whether the father was waiving his right to counsel. The court commenced the hearing with the father proceeding pro se. By order entered September 21, 2021, the court, after the hearing, among other things, awarded the mother primary physical custody of the child, with parental access to the father. The father appeals.
The father, as a respondent in a proceeding pursuant to Family Court Act article 6, [*2]had the right to be represented by counsel (see id. § 262[a][3]; Matter Rosof v Mallory, 88 AD3d 802). "A party may waive that right and proceed without counsel provided he or she makes a knowing, voluntary, and intelligent waiver of the right to counsel" (Matter of Lherisson v Goffe, 198 AD3d 965, 966; see Matter of Means v Miller, 175 AD3d 498, 499-500; Matter of Pitkanen v Huscher, 167 AD3d 901, 902). "[T]o determine whether a party has validly waived the right to counsel, a court must conduct a searching inquiry to ensure that the waiver has been made knowingly, voluntarily, and intelligently" (Matter of Lherisson v Goffe, 198 AD3d at 966-967 [internal quotation marks omitted]; see Matter of Means v Miller, 175 AD3d at 500).
Here, the Family Court failed to conduct a searching inquiry to ensure that the father's waiver of his right to counsel was knowingly, voluntarily, and intelligently made (see Matter of
Lherisson v Goffe, 198 AD3d at 967; Matter of Means v Miller, 175 AD3d at 500; Matter of Rosof v Mallory, 88 AD3d at 802). Since the deprivation of the father's right to counsel requires reversal, without regard to the merits of his position (see Matter of Follini v Currie, 189 AD3d 1586; Matter of Collier v Norman, 69 AD3d 936, 937), we reverse the order insofar as appealed from and remit the matter to the Family Court, Orange County, for a new hearing on the mother's petition and a new determination thereafter (see Matter of Lherisson v Goffe, 198 AD3d at 967; Matter of Charbonneau v Charbonneau, 151 AD3d 1060, 1061). In the interim and until the new determination, the provisions of the order entered September 21, 2021, regarding custody and parental access shall remain in effect (see Matter of Lherisson v Goffe, 198 AD3d at 967).
In light of our determination, we do not reach the remaining contentions of the father and the attorney for the child.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court