Matter of Turner v Estate of Laura Katherine Jane Turner (2024 NY Slip Op 00193)

Matter of Turner v Estate of Laura Katherine Jane Turner

2024 NY Slip Op 00193

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-00400
 (Docket No. V-1605-20)

[*1]In the Matter of Susan Watson Turner, petitioner-respondent, 
v
Estate of Laura Katherine Jane Turner, respondent, Juan Pablo Torres, appellant. 

Samuel S. Coe, White Plains, NY, for appellant.
The Children's Rights Society, Inc. (Donald M. Card, Jr., Shelter Island, NY, of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), entered November 23, 2021. The order, after a hearing, granted the maternal grandmother's petition for sole legal and physical custody of the child.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a new hearing on the maternal grandmother's petition and a new determination thereafter; and it is further,
ORDERED that in the interim, and pending the new determination, the provisions of the order regarding legal and physical custody of the child shall remain in effect.
In May 2020, the mother of the child passed away. Days later, the maternal grandmother filed a petition for sole legal and physical custody of the child. The Family Court thereafter held a hearing on the maternal grandmother's petition, at which the father appeared pro se. By order entered November 23, 2021, the court granted the maternal grandmother's petition for sole legal and physical custody of the child. In reaching this determination, the court concluded that the maternal grandmother established that extraordinary circumstances existed to permit her to seek custody, and that the child's best interests were served by awarding custody to the maternal grandmother. The father appeals.
As an initial matter, contrary to the contention of the attorney for the child, the father's filing, inter alia, of a custody petition subsequent to the entry of the order appealed from has not rendered this appeal academic. "An appeal is [not] moot [if] the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment. Where the case presents a live controversy and enduring consequences potentially flow from the order appealed from, the appeal is not moot" (Matter of New [*2]York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576 [citation and internal quotation marks omitted]; see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671; Matter of Lever v Lyons, 177 AD3d 626, 628). "Once a court makes a finding that extraordinary circumstances exist" to conclude that a parent relinquished his or her otherwise superior right to custody as compared to a nonparent, "that issue cannot be revisited in a subsequent proceeding seeking to modify custody and, thus, such a finding may have enduring consequences for the parties" (Matter of Van Dyke v Cole, 121 AD3d 1584, 1585 [citation and internal quotation marks omitted]; see Matter of Durgala v Batrony, 154 AD3d 1115, 1116-1117; Matter of Green v Green, 139 AD3d 1384, 1384-1385; Matter of Weinberger v Monroe, 120 AD3d 583, 584). In the order appealed from, the Family Court determined that the requisite extraordinary circumstances existed. This appeal is therefore not academic, among other reasons, because the court's determination in the order appealed from imposes enduring consequences upon the father that will "impact the scope of the pending proceedings" (Matter of Lever v Lyons, 177 AD3d at 628; see Matter of Veronica P. v Radcliff A., 24 NY3d at 671-673; Matter of Van Dyke v Cole, 121 AD3d at 1585; Matter of Weinberger v Monroe, 120 AD3d at 584; cf. Matter of Spindler v Blauman, 184 AD3d 646, 647; Matter of Corbett v Elliot-Brathwaite, 48 AD3d 683, 683).
Turning to the merits of the appeal, the Family Court erred in failing to determine whether the father validly waived his right to counsel. "The parent of any child seeking custody or contesting the substantial infringement of his or her right to custody of such child has the right to the assistance of counsel" (Matter of Lherisson v Goffe, 198 AD3d 965, 966 [alterations, citation, and internal quotation marks omitted]). "The right to counsel in Family Court custody proceedings is established in Family Court Act § 262. Although [it was] enacted as a means of providing assigned counsel for indigent persons, the statute explicitly extends the right to counsel to parties in custody proceedings. The right is so important that the failure to advise a party of it is reversible error" (Matter of Patricia L. v Steven L., 119 AD2d 221, 224 [citations omitted]). "A party may waive that right and proceed without counsel provided he or she makes a knowing, voluntary, and intelligent waiver of the right to counsel. To determine whether a party has validly waived the right to counsel, a court must conduct a searching inquiry to ensure that the waiver has been made knowingly, voluntarily, and intelligently" (Matter of Mercado v Arzola, 212 AD3d 815, 816 [alterations, citations, and internal quotation marks omitted]). "While there is no rigid formula to be followed in such an inquiry, and the approach is flexible, the record must demonstrate that the party was aware of the dangers and disadvantages of proceeding without counsel. For example, the court may inquire about the litigant's age, education, occupation, previous exposure to legal procedures[,] and other relevant factors bearing on a competent, intelligent, voluntary waiver" (Matter of Lherisson v Goffe, 198 AD3d at 967 [citation and internal quotation marks omitted]).
Here, the Family Court failed to conduct a searching inquiry to ensure that the father's waiver of his right to counsel was made knowingly, voluntarily, and intelligently (see Matter of Mercado v Arzola, 212 AD3d at 816; Matter of Lherisson v Goffe, 198 AD3d at 967). The hearing record demonstrates that the father did not wish to proceed pro se, but felt that he had no other option but to do so (see Matter of Nixon v Christian, 130 AD3d 831, 832; Matter of Pugh v Pugh, 125 AD3d 663, 664). To the extent the attorney for the child contends that the court was not required to conduct a searching inquiry because the father did not demonstrate that he was entitled to assigned counsel, this contention is without merit. A court's obligation to ensure the validity of a party's waiver of his or her right to counsel extends beyond indigent parties (see Matter of Cerquin v Visintin, 118 AD3d 987, 988-989; Matter of Patricia L. v Steven L., 119 AD2d at 225). In any event, the father indicated that he lacked the funds necessary to afford an attorney, and the court failed to inquire into the father's financial capability to retain counsel (see Matter of Pugh v Pugh, 125 AD3d at 664; Matter of Otto v Otto, 26 AD3d 498, 499-500). The court had an independent obligation to conduct such an inquiry and could not rely solely upon information received from the Legal Aid Society of Orange County regarding whether the father qualified for its services (see Matter of Alphonse v Alphonse, 189 AD3d 1028, 1029-1030; Matter of Soto v Willis, 143 AD3d 728, 729-730).
Finally, to the extent the father challenges the Family Court's denial of his petition for custody in a related proceeding, that contention is not properly before this Court on the appeal in this proceeding from the order granting the maternal grandmother's petition for sole legal and physical custody of the child (see Matter of Fishman v Solomon, 196 AD3d 570, 571; Matter of Tanisha M.M. [Toni D.S.—Anthony M.], 170 AD3d 841, 843).
In light of our determination, we need not reach the father's remaining contentions.
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court