Matter of Huasco v Chimborazo (2024 NY Slip Op 00767)

Matter of Huasco v Chimborazo

2024 NY Slip Op 00767

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-06738
 (Docket No. V-1026-22)

[*1]In the Matter of Juan Marcial Huasco, petitioner-respondent, 
v
Mario Loja Chimborazo, appellant, et al., respondent.

Law Office of Jeffrey Schonbrun, P.C., New City, NY, for appellant.
Christopher T. Widholm, New City, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal uncle appeals from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated June 6, 2022. The order granted, without a hearing, the father's petition for sole legal and physical custody of the subject child.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for a hearing on the father's petition, to be conducted with all deliberate speed, and a new determination thereafter; and it is further,
ORDERED that pending the hearing and new determination of the petition, the provisions of the order shall remain in effect.
A respondent in any proceeding under article 6 of the Family Court Act has a statutory right to the assistance of counsel (see id. § 262[a][iii]). "When such person first appears in court, the judge shall advise such person before proceeding that he or she has the right to be represented by counsel of his or her own choosing, of the right to have an adjournment to confer with counsel, and of the right to have counsel assigned by the court in any case where he or she is financially unable to obtain the same" (id. § 262[a]).
"A respondent may waive that right and proceed without counsel provided he or she makes a knowing, voluntary, and intelligent waiver of the right to counsel" (Matter of Alivia F. [John F.], 167 AD3d 880, 881). "In order to determine whether a party has validly waived the right to counsel, a court must conduct a 'searching inquiry' to ensure that the waiver has been made knowingly, voluntarily, and intelligently" (Matter of Lherisson v Goffe, 198 AD3d 965, 966-967, quoting People v Arroyo, 98 NY2d 101, 103). "'While there is no rigid formula to be followed in such an inquiry, and the approach is flexible, the record must demonstrate that the party was aware of the dangers and disadvantages of proceeding without counsel'" (Matter of Lherisson v Goffe, 198 AD3d at 967, quoting Matter of McGregor v Bacchus, 54 AD3d 678, 679).
"The deprivation of a party's fundamental right to counsel in a custody or visitation proceeding requires reversal, without regard to the merits of the unrepresented party's position" [*2](Matter of Follini v Currie, 189 AD3d 1586, 1586).
Here, the maternal uncle had a statutory right to the assistance of counsel because he was a respondent in a child custody proceeding (see Family Ct Act § 262[a][iii]). Although the record demonstrates that, at an appearance on the petition, the Family Court advised the maternal uncle of his right to retain counsel and his right to request an adjournment, it incorrectly informed him that "non parents in custody cases . . . are not entitled to assigned counsel." The record also shows that while the maternal uncle indicated his desire to retain counsel and to adjourn the matter, he did not speak when the court and the father's counsel discussed awarding the father temporary custody of the subject child with no visitation for the maternal uncle, and he exhibited confusion with respect to the purpose of the proceeding (cf. Matter of Otto v Otto, 26 AD3d 498, 499-500). Under all of these circumstances, it cannot be said that the maternal uncle had a "sufficient awareness of the relevant circumstances and probable consequences" of proceeding without counsel (Matter of Lawrence S., 29 NY2d 206, 208; see Matter of Alivia F. [John F.], 167 AD3d at 881-882).
Furthermore, on the adjourned date, the Family Court erred in determining the merits of the father's petition without first conducting a hearing (see S.L. v J.R., 27 NY3d 558, 563-564; Tolbert v Scott, 15 AD3d 493, 495).
Accordingly, we reverse the order and remit the matter to the Family Court, Rockland County, for a hearing on the father's petition, including on the issue of extraordinary circumstances, and if appropriate, custody, and a new determination of the petition thereafter. The hearing shall be conducted with all deliberate speed.
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court