Matter of Moses M. (Melissa M.) (2025 NY Slip Op 02070)

Matter of Moses M. (Melissa M.)

2025 NY Slip Op 02070

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-00837
 (Docket No. N-8396-23)

[*1]In the Matter of Moses M. (Anonymous). Suffolk County Department of Social Services, respondent; Melissa M. (Anonymous), appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Christopher J. Clayton, County Attorney, Central Islip, NY (Elaine M. Barraga of counsel), for respondent.
Joan Iacono, Scarsdale, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Suffolk County (Frank A. Tantone, J.), dated February 14, 2024. The order of disposition, upon the mother's consent to a finding of neglect, and after a dispositional hearing, inter alia, released the subject child to the custody of the nonrespondent father and directed the mother to complete a parenting skills program.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The mother and the nonrespondent father, who were never married, are the parents of the subject child, born in 2015. The child resided with the mother and had scheduled parental access with the father, which ceased in 2020 after the mother refused to comply with a custody stipulation. In 2021, when the child was six years old, the mother failed to enroll him in school. In 2023, the petitioner commenced this proceeding pursuant to Family Court Act article 10 against the mother, alleging that the mother neglected the child by failing to provide him with an adequate education. On December 14, 2023, the mother consented to a finding of neglect. After a dispositional hearing, by order of disposition dated February 14, 2024, the Family Court, inter alia, released the child to the custody of the father and directed the mother to complete a parenting skills program.
The Family Court providently exercised its discretion in releasing the child to the custody of the father. At the dispositional phase of a child protective proceeding, the court must render a determination based upon the best interests of the child (see Family Court Act § 1052; Matter of Kayorie S. [Brandy S.], 214 AD3d 886). "The factors to be considered in making the determination include the parent['s] capacity to properly supervise the child, based on current information and the potential threat of future . . . neglect" (Matter of Tereza R. [Jose A.], 199 AD3d 921, 923 [internal quotation marks omitted]; see Matter of Jaheem M. [Cymon M.], 174 AD3d 610, 611). Here, the record established that the mother failed to enroll the child in school, failed to abide [*2]by the petitioner's directive to have the child evaluated for occupational and physical therapy so that the school could prepare an individualized education program for the child, failed to have the child's vision tested, failed to maintain regular contact with the petitioner, and failed to adhere to the parental access schedule. The father, by contrast, provided the child's prescription for occupational and physical therapy to the petitioner so that the child could be evaluated for special education services, expressed his wish to care for the child, was employed, had an appropriate home, and kept in contact with the petitioner and the school.
Contrary to the mother's contention, the Family Court providently exercised its discretion in directing, as part of its dispositional order, that she complete a parenting skills program, as this condition was fully supported and warranted by the facts of the proceeding (see Family Ct Act §§ 1015-a; 1054[c]).
Under the circumstances of this case, the Family Court's failure to ensure that the mother validly waived her right to counsel at an appearance on September 6, 2023, does not warrant reversal. At that court appearance, after the mother stated that she no longer wanted her appointed attorney to represent her, the court "failed to conduct a searching inquiry to ensure" that the mother's waiver of her right to counsel was "made knowingly, voluntarily, and intelligently" (Matter of Mercado v Arzola, 212 AD3d 815, 816) and failed to sufficiently "warn [the mother] of the risks of proceedings pro se or apprise [her] of the importance of a lawyer in the adversarial system" (People v Baines, 39 NY3d 1, 7; see Matter of Cerquin v Visintin, 118 AD3d 987, 989). Nonetheless, under the circumstances of this case, the court's error does not warrant reversal and remittal (see Matter of Abigail M.A. [James A.], 222 AD3d 973). Following court appearances on September 6, 2023, September 8, 2023, and October 12, 2023, wherein the court ensured that the then-eight-year-old child was enrolled in school and that the father was provided with parental access, on October 20, 2023, the mother was appointed new counsel, who represented her at the appearance wherein she consented to a finding of neglect and further represented her at the dispositional hearing. Since the testimony offered in the period in which the mother was represented by counsel was sufficient to establish that she neglected the child and that releasing the child to the custody of the father was in the child's best interest, the court's failure to ensure that the mother validly waived her right to counsel at the conference on September 6, 2023, could not have affected the ultimate outcome of the proceeding (see id. at 977; see also People v Wardlaw, 6 NY3d 556, 559-561).
The mother's remaining contention is without merit.
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court